UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS A. CHURCH,

           Petitioner,

   v.

STATE OF WASHINGTON,

           Respondent.

CASE NO. 3:20-cv-05667-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 2, 2020

     The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura.

     On July 7, 2020, petitioner, proceeding *pro se*, filed his proposed habeas corpus petition and *in forma pauperis* ("IFP") application. Dkt. 1. The Court granted the application. Dkt. 4. However, upon review, the Court found that petitioner's § 2254 petition contained deficiencies preventing the Court from serving the petition until it was amended. *See* Dkt. 6. The undersigned explained that because petitioner's direct appeal was still pending, he did not appear to have exhausted his state court remedies. Dkt. 6, at 1. Further, petitioner had neither named the correct respondent nor provided the date of signature for his petition. Dkt. 6, at 1–2.

Therefore, the Court directed petitioner to "amend his petition or otherwise show cause why this matter should not be dismissed without prejudice for failure to exhaust," to name the proper respondent, and to provide a dated signature page. Dkt. 6, at 2. The Court specifically warned petitioner that if he did not comply with the show cause order, his failure "may result in dismissal without prejudice" and provided petitioner approximately a month in which to comply. Dkt. 6, at 2.

Nevertheless, petitioner has failed to comply with the Court's order. He has not provided an amended petition or any other filing since the Court's show cause order. Accordingly, the Court recommends that this case be dismissed without prejudice. Based on the foregoing, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition and that his IFP status should be revoked for purposes of any appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 2, 2020.

Dated this 16th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2